IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03361-M-RJ

| | |
|---|---|
| JEREMY LEE GAREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHIP HUGHES, et al., ) | |
| ) | |
| Defendants. ) | |

On December 28, 2023, Jeremy Lee Garey ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the reasons discussed below, dismisses the action for failure to state a claim.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation

omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff's Complaint:

Plaintiff names as defendants Craven County Sheriff Chip Hughes, Chief of Craven County Jail Chad Smith, and Jail Lieutenant Brown (collectively, "defendants"). Compl. [D.E. 1] at 2–3. Plaintiff generally alleges violations of his Seventh and Fourteenth Amendment rights on April 21, 2022, while he was held pre-trial in the Craven County Detention Center. Id. at 5.

Plaintiff specifically alleges that: he "was served with complaint in Summary Ejectment [sic]" by Lieutenant Brown at the Detention Center on April 13, 2022; although there was an April 21, 2022, court date in this ejectment action, he "was never transported to [his] court date to be explained the detail, or gave a chance [sic] to respond as well fight with Law of Due Process [sic]"; he has "never been told what happened to [his] personal Property as well as family heirlooms, [his] father's ashes, [his] 2005 Trailblazer, mobile home, clothes was removed [sic]"; he doesn't know the location of this property; he "was told by Lt. Brown to contact a lawyer [because] it wasn't

2

[Brown's] nor the Detention Center's problem"; he "was stripped of all [his] property and was never gave [sic] the chance to appear in court which is his Right [sic]." Id. at 5–6.

As to his injury, plaintiff writes: "It has been an emotional coaster ride [sic] of emotional distress dealing with separation issues since it was all that I owned [sic] as will has [sic] not being able to spread my Father's ashes, have no knowledge of the whereabouts of his ashes among other items of importants [sic] as well." Id. at 7.

For relief, plaintiff states: "I like [sic] to be compensate [sic] for the losses [sic] of my Home, 2005 Trailblazer, clothes, heirlooms such as childhood photos, Father[']s Ashes, or gave [sic] the right to have my day in court to fight for my property." Id. at 8.

Discussion:

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

To the extent plaintiff alleges he was wrongly denied a jury trial in his state-court ejectment action, the Seventh Amendment does not provide such a right. See Gasperini v. Ctr. for Humans., Inc., 518 U.S. 415, 417 (1996) ("The Seventh Amendment . . . governs proceedings in federal court, but not in state court"); Curtis v. Loether, 415 U.S. 189, 192 n.6 (1974) ("The Court has not held that the right to jury trial in civil cases is an element of due process applicable to state courts through the Fourteenth Amendment."); see also GTFM, LLC v. TKN Sales, Inc., 257 F.3d 235, 240 (2d Cir. 2001) ("The Seventh Amendment has not, however, been applied to the States through the Fourteenth Amendment and hence does not require that jury trials be held in proceedings in State tribunals." (citations omitted)).

3

Plaintiff also fails to plausibly allege defendants' personal involvement in any purported violation of his Seventh Amendment rights. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); Monell, 436 U.S. at 691–92; Wright, 766 F.2d at 850; see also Trent v. North Carolina, No. 1:13-CV-00275-MOC, 2014 WL 2773579, at *7 (W.D.N.C. June 19, 2014).

Next, to state a claim under the Fourteenth Amendment's Due Process Clause, plaintiff must demonstrate that government action deprived him of life, liberty, or property. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). A court "first asks whether there exists a liberty or property interest which has been interfered with by the State." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). If so, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Id.

Plaintiff's claim, distilled, is that he was unable to defend the state-court civil ejectment action due to his pretrial detention. This claim would have been frivolous had plaintiff been convicted and incarcerated. See Lewis v. Casey, 518 U.S. 343, 351–52 (1996) ("Lewis"); see also Wright v. Beck, No. 5:05-CT-543-D, 2006 WL 4705999, at *1 (E.D.N.C. Apr. 5, 2006).

The Lewis Court analyzed the constitutional right of prisoners to access the courts, as recognized in Bounds v. Smith, 430 U.S. 817 (1977), and stated:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis, 518 U.S. at 355 (emphasis original).

4

Case 5:23-ct-03361-M-RJ    Document 8    Filed 06/26/24    Page 4 of 6

Several courts have extended the reasoning in Lewis to cases involving pretrial detainees. See McCarty v. Smith, No. 5:09-CT-3126-D, 2010 WL 9459128, at *2 (E.D.N.C. Nov. 30, 2010) (citing Bourdon v. Loughren, 386 F.3d 88, 92–94 (2d Cir. 2004); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1159–60 (9th Cir. 2003)), aff'd, 421 F. App'x 303 (4th Cir. 2011) (per curiam) (unpublished); Ross v. Wood, No. 9:05-CV-1112 (FJSGHL), 2009 WL 3199539, at *3 (N.D.N.Y. Sept. 30, 2009) (finding inmate's defense of a wrongful death action does not trigger a First Amendment right-of-access-to-the-courts claim"), aff'd as modified sub nom. Ross v. Woods, 412 F. App'x 392 (2d Cir. 2011).

Although pretrial detainees maintain due process rights against restrictions that amount to punishment, see Bell v. Wolfish, 441 U.S. 520, 536–39 (1979), plaintiff does not plausibly allege that defendants' actions were punitive or that the state-court civil ejectment action in question was related to his criminal detention, see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Rather, defendants' purported failure to transport or assist plaintiff in this state-court civil litigation falls within the "incidental (and perfectly constitutional) consequences of . . . incarceration." Lewis, 518 U.S. at 355; see Simmons, 318 F.3d at 1160–61; McCarty, 2010 WL 9459128, at *2.

To the extent plaintiff instead alleges that defendants wrongly deprived him of personal property, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Mora v. City of Gaithersburg, 519 F.3d 216, 231 (4th Cir. 2008). Because plaintiff has a meaningful postdeprivation remedy available in state court, see Wilkins v. Whitaker, 714 F.2d 4, 6–7 (4th Cir. 1983), he fails to state a viable claim as to property deprivation.

5

To the extent plaintiff seeks to use this suit as a vehicle to challenge an unfavorable decision in his state-court civil ejectment action, the "Rooker–Feldman doctrine, which prohibits the lower federal courts from reviewing or rejecting state court judgments, serves as a jurisdictional bar to federal court review[.]" Stratton v. Mecklenburg Cty. Dep't of Soc. Servs., 521 F. App'x 278, 288 (4th Cir. 2013) (per curiam) (unpublished) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3) (granting courts discretion to decline supplemental jurisdiction over a pendent State claim where the court has dismissed all claims over which it has original jurisdiction); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (noting "pendent jurisdiction is a doctrine of jurisdictional discretion" and that, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (holding the district court possesses "inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").

### Conclusion:

In sum, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED this 26th day of June, 2024.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge